UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHRISTINE McGUINESS;
And PHARIS JOHNSON

     Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

     Defendant,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs sue Defendant and allege:

### PRELIMINARY ALLEGATIONS

1. Plaintiffs, CHRISTINE McGUINESS; and PHARIS JOHNSON, are residents of the state of Texas.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD ("RCCL"), is a corporation incorporated under the laws of Liberia having its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, RCCL, at all times material hereto, personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the navigable waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    *f.* The defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Brilliance of the Seas.*

5. At all times material hereto, Defendant RCCL is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the General Maritime Laws of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Brilliance of the Seas.*

8. On or about December 25, 2015, Plaintiffs, Christine McGuiness and Pharis Johnson, were paying passengers on the M/V *Brilliance of the Seas,* which was in navigable waters.

9. At all material times, RCCL allowed a hazardous condition to exist on its vessel which it knew or should have known was likely to cause injuries to passengers.

10. On or about December 25, 2015, Plaintiffs, Christine McGuiness and Pharis Johnson were injured due to a hidden hazardous condition on the *Brilliance of the Seas*. Plaintiffs sustained hundreds of "bed bug" bites during the first two nights aboard

Defendant's vessel. Plaintiffs suffered physical and emotional injuries as a result of the bed bug infestation in their cabin.

## COUNT I – NEGLIGENCE – AGAINST DEFENDANT RCCL

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 10 as though alleged originally herein.

11. It was the duty of Defendant RCCL to provide Plaintiff with reasonable care under the circumstances.

12. On or about December 25, 2015, Defendant RCCL and/or its agents, servants, and/or employees breached its duty to provide Plaintiffs with reasonable care under the circumstances.

13. Plaintiffs were injured due to the fault and/or negligence of Defendant RCCL, and/or its agents, servants, and/or employees as follows:

   a. Failure to provide a safe and clean cabin; and/or

   b. Failure to have a sanitary bed in the cabin; and/or

   c. Failure to provide hygienic sheets for bedding; and/or

   d. Failure to inspect the bed and/or cabin for "bed-bugs"; and/or

   e. Failure to warn of dangers of "bed-bugs" in the cabin; and/or

   f. Failure to determine hazards in cabin; and/or

   g. Failure to warn of dangers presented by the "bed-bugs" in the cabin and/or bed; and/or

   h. Failure to provide adequate decontaminators and/or sterilizers in cabin; and/or

    i. Failure to sterilize the bed and sheets in the cabin; and/or

    j. Failure to provide a clean cabin to Plaintiffs in a prompt time after discovery of the "bed-bug" infestation; and/or

    k. Failure to promptly treat Plaintiffs for their injuries; and/or

    l. Failure to medically treat Plaintiffs free of charge for their "bed-bug" bites; and /or

    m. Failure to daily inspect cabins and/or beds to ensure the safety of passengers, including Plaintiffs; and/or

    n. Failure to exterminate the "bed-bugs" utilizing recommended treatment and chemicals; and/or

    o. Failure to promulgate and/or enforce adequate policies and/or procedures so as to maintain reasonably safe conditions in the cabin and/or bed including but not limited to maintaining clean and safe beds and cabins and adequately marking and/or warning of hazards; and/or

    p. Failure to take corrective measures despite prior similar incidents.

14. At all material times, Defendant RCCL had exclusive custody and control of the vessel, *Brilliance of the Seas*.

15. At all times material hereto, Defendant RCCL violated the International Safety Management Code's goals and intent and failed to properly, adequately and safely implement the International Safety Management Code, and by extension, its own SQM Manual.

16. At all times material hereto, Defendant RCCL failed to have an adequate Safety

Management System Manual aboard the vessel, and/or failed to properly implement the Safety Management System Manual aboard the vessel.

17. As a result, all of the above caused and/or contributed to Plaintiffs being injured when they sustained hundreds of "bed bug" bites.

18. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

19. As a result of the negligence of Defendant RCCL, Plaintiffs were injured about Plaintiffs' bodies and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiffs' injuries. Plaintiffs also lost the benefit of his entire vacation, cruise and transportation costs. Further, the injuries resulting from the "bed bug" bites are permanent or continuing in nature and Plaintiffs will suffer these losses and impairments into the future.

**Wherefore**, the plaintiffs demand judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

*Respectfully Submitted,*

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
Attorneys for Plaintiff
One Biscayne Tower, Suite 1776
Miami, Florida 33131
Telephone: (305) 373 – 3016
Facsimile:  (305) 373 – 6204

By: */s/Michael Winkleman*
    MICHAEL WINKLEMAN
    Florida Bar No. 36719